UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUAN MENACHO<br>3748 Prosperity Ave<br>Fairfax, VA 22031<br><br>HUGO REYNALDO QUEZADA<br>CANEDO<br>4110 Olley Lane<br>Fairfax, VA 22032<br><br>and<br><br>MAYNOR ELISEO XALIN HUZ<br>4141 Wadsworth Court, #103<br>Annandale, VA 22003<br><br>On Behalf of Themselves and All<br>Others Similarly Situated<br><br>    Plaintiffs,<br><br>    v.<br><br>K POWER CONSTRUCTION, INC.<br>**Registered Agent:**<br>SUNG JIN KOO<br>5833 Oak Leather Drive<br>Burke, VA 22015<br><br>SUNG JIN KOO<br>5833 Oak Leather Drive<br>Burke, VA 22015<br><br>and<br><br>MYUNG KWAN KOO<br>5833 Oak Leather Drive<br>Burke, VA 22015<br><br>    Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No.: _____<br><br>**JURY TRIAL DEMANDED** |

**COLLECTIVE ACTION COMPLAINT**
**FOR FAILURE TO PAY MINIMUM AND OVERTIME WAGES**

1

Plaintiffs JUAN MENACHO, HUGO REYNALDO QUEZADA CANEDO and MAYNOR ELISEO XALIN HUZ, by and through undersigned counsel, on behalf of themselves and all others similarly situated, hereby submit their Collective Action Complaint for Failure to Pay Wages and Overtime against K POWER CONSTRUCTION, INC., SUNG JIN KOO and MYUNG KWAN KOO to recover unpaid wages, overtime premiums, liquidated damages, reasonable attorney's fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. (hereinafter "FLSA").

## PARTIES AND JURISDICTION

1. Plaintiffs JUAN MENACHO, HUGO REYNALDO QUEZADA CANEDO and MAYNOR ELISEO XALIN HUZ, (hereinafter, "Plaintiffs") are adult residents of the Commonwealth of Virginia. By acting as the named Plaintiffs in this action, Plaintiffs hereby confirm their consent to participate as a Plaintiff in an action under the FLSA.

2. Defendant K POWER CONSTRUCTION, INC. is a corporation formed under the laws of the Commonwealth of Virginia with its principal place located at the home of Defendants SUNG JIN KOO and MYUNG KWAN KOO 5833 Oak Leather Drive, Burke, VA 22015.

3. Defendant SUNG JIN KOO is an owner and principal person who exerts control over corporate Defendant and is a resident of Fairfax County. He directed the assignments and the time when his workers would report to work each day.

4. Defendant MYUNG KWAN KOO is the wife of Defendant SUNG JIN KOO. She too is principal person who exerts control over corporate Defendant and is a resident of Fairfax County. She handled the payroll, and determined which workers would be paid and when, if ever. She signed the checks on behalf of Defendant K POWER CONSTRUCTION, INC.

2

**JURISDICTION AND VENUE:**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332. Pendent jurisdiction lies under 28 U.S.C. §1367.

6. Venue is properly set in the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1391.

7. At all times relevant, the Defendants were Plaintiffs' "employer" for purposes of the FLSA.

8. At all times relevant, each Plaintiff worked as non-exempt workers for the Defendants' painting and home improvement business.

9. At all times relevant, Defendants generated gross revenues exceeding Five Hundred Thousand Dollars ($500,000.00) and qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

10. At all times relevant, Plaintiffs and other employees of Defendants were individual employees who engaged in interstate commerce as set forth under 29 U.S.C. §§ 206-207.

11. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391.

12. In March 2018 Defendants hired Plaintiff JUAN MENACHO to work as a carpenter and laborer for the Defendants' business. Plaintiff JUAN MENACHO typically worked six (6) days a week. Each morning he would arrive at the worksite as directed by Defendants at 8:00 a.m. His day would end typically at 6:00 or 7:00 p.m. Often times he would work late into the evening. He took a thirty (30) minute break for lunch each day and no other breaks lasting

longer than twenty (20) minutes.  He was promised a wage rate of $20.00 an hour.  He is owed overtime premiums in the amount of $200.00 per week ($20.00/hr x 20 hours x 0.5).  His last day of work was on July 27, 2018.  He is owed eighteen (18) weeks of overtime premiums, or $3,600.00.  He stopped working because his regular wages were not being paid.  He is owed a total of 173 hours of unpaid wages for June 18, 2018 through July 13, 2018 for a total amount of $3,460.  In sum he is owed $7,060 in unpaid wages and overtime premiums.  On October 8, 2018 Defendants caused to be wired a payment of $500.00 to Plaintiff JUAN MENACHO's account.  On October 16, 2018 Defendants caused to be wired a payment of $500.00 to Plaintiff JUAN MENACHO's account, and accordingly, the balance owed is now $6,060.00.

13. In March 2018 Defendants hired Plaintiff HUGO REYNALDO QUEZADA CANEDO to work as a carpenter and laborer for the Defendants' business.  Plaintiff HUGO REYNALDO QUEZADA CANEDO typically worked six (6) days a week.  Each morning he would arrive at the worksite as directed by Defendants at 8:00 a.m.  His day would end typically at 6:00 or 7:00 p.m.  Often times he would work late into the evening.  He took a thirty (30) minute break for lunch each day and no other breaks lasting longer than twenty (20) minutes.  He was promised a wage rate of $20.00 an hour.  He is owed overtime premiums in the amount of $200.00 per week ($20.00/hr x 20 hours x 0.5).  His last day of work was on July 9, 2018.  He is owed sixteen (16) weeks of overtime premiums, or $3,200.00.  He stopped working because his regular wages were not being paid.  He is owed a total of 140 hours of unpaid wages for June 18, 2018 through July 13, 2018 for a total amount of $2,800.  At the request of the Defendants' he also paid the wages of helper in the amount of $140.00 which was not reimbursed.  In sum he is owed $6,140 in unpaid wages and overtime premiums.

14. On April, 20, 2018, Defendants hired Plaintiff MAYNOR ELISEO XALIN HUZ to work as a carpenter and laborer for the Defendants' business. Plaintiff MAYNOR ELISEO XALIN HUZ typically worked six (6) days a week. Each morning he would arrive at the worksite as directed by Defendants at 8:00 a.m. His day would end typically at 6:00 or 7:00 p.m. Often times he would work late into the evening. He took a thirty (30) minute break for lunch each day and no other breaks lasting longer than twenty (20) minutes. He was promised a wage rate of $18.75 an hour. He is owed overtime premiums in the amount of $187.50 per week ($18.75/hr x 20 hours x 0.5). His last day of work was on July 1, 2018. He is owed six (6) weeks of overtime premiums, or $1,125.00. He stopped working because his regular wages were not being paid. He is owed a total of 156 hours of unpaid wages for a total amount of $2,925. In sum he is owed $4,050 in unpaid wages and overtime premiums.

15. Defendants hired many others, at least a half dozen, who worked under the same circumstances and who were not paid regular or overtime wages.

## COUNT I:
## UNPAID MINIMUM WAGES AND OVERTIME PREMIUMS
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

16. Plaintiffs re-allege and incorporate by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

17. At all times during the Plaintiffs' employment with Defendants, Defendants did not post or otherwise make visible or available at Defendants' places of business any poster or information that notified employees of the federal overtime compensation requirement and the right to minimum wages. I.

18. At all times during the Plaintiffs' employment with Defendants, Defendants did not post or otherwise make available at Defendants' places of business any poster or information that

notified employees of any enforcement remedies available to employees who are not paid by employers as required by federal law, including notification that the Department of Labor may recover back wages on behalf of employees or that underpaid employees have a private right of action to file a lawsuit against employers for nonpayment or underpayment of wages in violation of federal law.

19. At all times during Plaintiffs' employment with Defendants, Defendants did not post or otherwise make visible or available at the Defendants' place of business any poster or information that notified employees of the fact that federal law prohibits discrimination against, retaliation against or discharging workers who file a complaint or participate in any proceeding to recover unpaid or underpaid wages under federal law.

20. At all times during Plaintiffs' employment, Defendants explicitly and willfully misinformed each Plaintiff that Plaintiff was not entitled to be paid for overtime hours worked each week in excess of forty at the federally required overtime pay rate.

21. A minimum wage of $7.25 an hour is mandated by § 29 U.S.C. (a)(1)(C).

22. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

23. At all times, each Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. §207(a)(1), and Defendants were Plaintiffs' "employer" under FLSA, 29 U.S.C. § 207(a)(2).

24. Defendants, as Plaintiffs' employer, were obligated to compensate each Plaintiff at the overtime rate of one-and-one-half (1½) times his or her regular rate for all hours worked per week in excess of forty (40).

25. At all times, Defendants failed and refused to pay Plaintiffs at the overtime rate of one-and-one-half (1½) times her regular rate for all hours worked per week in excess of forty (40).

26. At Defendants' command, and with Defendants' actual knowledge, Defendants suffered or permitted Plaintiffs to regularly work more than forty (40) hours per week.

27. For all hours worked per week by Plaintiffs in excess of forty (40), Defendants paid Plaintiff no overtime wages or complete overtime wages, thereby violating the overtime requirements of the FLSA.

28. An employer who violates the FLSA overtime provision is ordinarily "liable to the employee or employees affected in the amount of their unpaid wages ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

29. The award of liquidated damages is mandatory unless "the employer shows to the satisfaction of the court that the act or omission giving rise [to the FLSA action] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

30. The FLSA "plainly envisions" that liquidated damages "are the norm" for violations of the FLSA. *Mayhew v. Wells,* 125 F.3d 216, 220 (4th Cir.1997).

31. The FLSA permits a trial court in its sound discretion to refuse or reduce an award of liquidated damages only where the employer demonstrates *both* good faith *and* reasonable grounds for believing that he was not acting in violation of FLSA. *See Clifton D. Mayhew, Inc. v. Wirtz,* 413 F.2d 658, 661-62 (4th Cir. 1969).

32. The Fourth Circuit has held that the test of the good faith requirement to excuse liability is an objective one and not a subjective one. *Id.*

33. Here, Defendants cannot demonstrate good faith and reasonable grounds for their failure to pay Plaintiffs overtime wages as required by the FLSA.

34. Defendants can point to no authority or good faith basis they relied upon for their failure to pay Plaintiffs the wages at the FLSA required rate for overtime hours worked each week.

35. On information and belief, at all times during Plaintiffs' employment, Defendants had actual knowledge of the FLSA overtime pay requirement.

36. On information and belief, at all times during Plaintiffs employment, Defendants had actual knowledge that Plaintiffs should have been paid one-and-one half (1½) times their regular rate of pay for hours worked each week in excess of forty (40).

37. On information and belief, at all times during Plaintiffs' employment, Defendants had actual knowledge that the rate and method by which Defendants paid Plaintiff was in direct violation of the FLSA's overtime pay requirement.

38. Defendants' failure and refusal to pay Plaintiffs the proper wages for overtime hours worked as required by the FLSA was willful and intentional, and was not in good faith.

39. As a consequence of the foregoing, Plaintiffs will be entitled to payment of his or her attorney's fees and costs.

40. The FLSA provides that a court "***shall***, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b) (emphasis added).

41. In contrast to other fee-shifting statutes where the award of attorney's fees and costs is discretionary with the court, an award of attorney's fees to a prevailing plaintiff in a FLSA case is mandatory. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983).

42. As a consequence of the foregoing, Plaintiffs are entitled to recover his or her reasonable attorney's fees and costs associated with the prosecution of this case.

43. This court has ruled that the Plaintiffs' counsel's rate of $425.00 an hour "is within the range of reasonable rates approved in the Fourth Circuit" and has approved this rate recent awards. *Jo-Ann Brown, et al. v. Transurban USA, Inc., et al.,* Case 1:15-cv-00494-JCC-MSN (E.D.Va. 2016); *Riggle et al v. The Revolution Darts and Billiards-Centreville, LLC et al*, Case 1:17-cv-00792-CMH-IDD (E.D. Va. 2018).

44. Plaintiffs are aware of several current and former employees of Defendants who are similarly situated in that they: (1) worked many hours for Defendants; (2) were not paid for the hours worked; (3) did not perform work which would qualify them as exempt from the minimum wage requirements of the FLSA; and (4) have not yet joined this lawsuit either because they do not yet have knowledge of their rights to overtime and minimum wages.

45. Plaintiffs are pursing this action as an FLSA collective action on behalf of themselves and all other similarly situated individuals.

46. In the present case, the questions of law or fact common to the members of the collective action class predominate over any questions affecting only individual collective action class members.

47. Common to Plaintiffs and all collective action class members is that each individual received wages from the Defendants at a rate less than what is required by the FLSA for overtime hours worked each week.

48. Specifically, Plaintiffs and each collective action class members are seeking the difference between the overtime compensation received and the FLSA required overtime rate and statutory damages under the FLSA.

49. In the present case, the number of collective action class members is believed to thirty former employees.

50. All class members should be clearly identifiable from the information and records which Defendants are required to keep under 29 C.F.R. § 516, the Employment Tax Recordkeeping requirements of the Internal Revenue Service and Code of Virginia § 58.1-102.

## COUNT II:
## BREACH OF CONTRACT

51. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

52. In the alternative to Count I and II as to unpaid promised and unpaid overtime wages, and to the extent that federal law does not apply, the Plaintiffs are entitled to payment of their promised wages for hours worked without statutory penalties under a theory of unilateral contract.

WHEREFORE, Defendants are liable, to each Plaintiff, and all other similarly-situated individuals, for all unpaid wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

                                                Respectfully Submitted,
                                                Plaintiffs
                                                By Counsel

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury with respect to each claim in this Complaint.

Date: November 1, 2018.

/s/
Matthew T. Sutter, Esq., VSB 66741
Sutter & Terpak, PLLC
7540A Little River Turnpike, First Floor
Annandale, VA 22003
Telephone: 703-256-1800
Facsimile: 703-991-6116
Email: matt@sutterandterpak.com
Web: www.sutterandterpak.com
Counsel for Plaintiffs