

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| JUAN MENACHO, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 18-cv-01359 (LO/IDD) |
| K POWER CONSTRUCTION, INC., *et al.*, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion for Entry of Default Judgment ("Motion for Default Judgment") against Defendant K Power Construction, Inc. ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). Mot. for Default J., ECF No. 18. After Defendant failed to retain counsel following the hearing on February 1, 2019, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiffs' Motion for Default Judgment, and the supporting memorandum, the undersigned Magistrate Judge makes the following findings and recommends that Plaintiffs' Motion be **GRANTED**.

### I. INTRODUCTION

Plaintiffs Juan Menacho, Hugo Reynaldo Quezada-Canedo, and Maynor Eliseo Xalin-Huz ("Plaintiffs") filed their Complaint on November 1, 2018, against Defendant, its owner, Sung Jin Koo, and Sun Jin Koo's wife, Myung Kwan Koo.[1] Compl., ECF No. 1. Plaintiffs allege that Defendant failed to pay overtime premiums and unpaid wages. Compl. ¶ 12. Plaintiffs seek relief

---

[1] Defendants Sung Jin Koo and Myung Kwan Koo filed answers to the Complaint, thus this Report and Recommendation only pertains to K Power Construction, Inc.

1

pursuant to Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et* seq ("FLSA"). Compl. at 2. Specifically, Plaintiffs seek a monetary judgment awarding all unpaid wages proven at trial, an equal amount in liquidated damages, interest (both pre and post judgment), attorney's fees, and the costs of this action. Compl. ¶ 52.

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case involves federal questions arising under FLSA, which is a federal law relating to minimum wage and overtime pay eligibility. Compl. ¶ 11. Here, Defendant is a corporation formed under the laws of Virginia, with its principal place of business in Burke, Virginia. Compl. ¶ 2. Therefore, the Court may exercise personal jurisdiction over the Defendant. Similarly, venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Defendant's principal place of business is in this District.

### B.   Service of Process

In serving process to a business entity such as a corporation, a plaintiff may effectuate service by delivering a copy of the summons and a copy of the complaint to an officer or managing agent of the business entity. FED. R. CIV. P. 4 (h)(1)(B). Service may also be made on a corporation in accordance with state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. FED. R. CIV. P. 4 (e)(1), (h)(1)(B). Under VA. CODE ANN. § 8.01-299(3), substitute service may be on the registered agent of a corporation pursuant to § 801.296 if the address of the corporation is a single-family residential dwelling. According to the proof of service, the process server completed service upon Defendant's registered agent, Sung Jin Koo, on November 7, 2018, at 5833 Oak Leather Drive, Burke, Virginia 22015 ("Address"). Proof of Serv., ECF No. 4. As

the Address is a single-residential dwelling, the Court finds that service was proper under VA. CODE ANN. § 8.01-296.

### C. Grounds for Default

Plaintiffs filed their Complaint on November 1, 2018. Compl., ECF No. 1. On November 28, 2018, Plaintiffs filed with the Clerk's Office a request for Entry of Default. ECF. No. 11. The Clerk entered default against Defendant on November 29, 2018. ECF. No. 17. On December 14, 2018, Plaintiffs filed a Motion for Default Judgment, for which the Court held a hearing on February 1, 2019. ECF. Nos. 18, 20. The Court continued the matter to February 22, 2019, and ordered that a responsive pleading be filed by February 20, 2019, and that default judgment would be entered against Defendant unless an attorney appearance was filed on their behalf. ECF. No. 21. *See In re Tamojira, Inc.*, 20 F. App'x 133, 134 (4th Cir. 2001) (holding that corporations are required to be represented by counsel in federal court); *Flame S.A. v. Freight Bulk Pte. Ltd.*, 762 F.3d 352, 355 (4th Cir. 2014); *Olawole v. ActioNet, Inc.*, 258 F. Supp. 3d 694, 701 (E.D. Va. 2017).

Defendant filed an answer through its individual owners, who are not licensed attorneys on March 5, 2019. ECF. No. 27. No answer was filed, however, on Defendant's behalf by a licensed attorney. When Defendant failed to retain an attorney, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.[2] ECF. No. 32.

---

[2] Accordingly, the Court does not find it necessary to go through a fact analysis of the Complaint. Under Federal Rule of Civil Procedure 16(f), the Court may issue default judgment when a party is unprepared to participate and fails to obey a pretrial order. FED. R. CIV. P. 16(f)(1)(B)-(C). *See Tech. Advancement Grp., Inc. v. IvySkin, LLC*, No. 2:13CV89, 2014 WL 3501060, at *3 (E.D. Va. July 14, 2014) (granting default judgment as a sanction when a partnership failed to retain counsel and file an answer); *see also Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (holding that defendant's failure to comply with court order to appoint counsel was a failure to defend under Rule 55, and a default judgment should be entered). Defendant failed to obtain representation as ordered by the Court and was therefore unprepared to defend. Thus, the undersigned recommends granting the Motion for Default Judgment.

3

## II. **REQUESTED RELIEF**

### A. Damages

In a default case, the plaintiff's factual allegations are accepted as true for all purposes except in determining damages. To support a claim for damages, a plaintiff must provide an appropriate basis for the Court to determine whether it is entitled to the relief sought. A default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Furthermore, in default cases in this district, "there can be no recovery over the amount pled in the complaint." *Sheet Metal Workers' Nat. Pension Fund v. Frank Torrone & Sons, Inc.*, No. Civ.A. 1:04CV1109, 2005 WL 1432786, at *8 (E.D. Va. June 1, 2005); *see also Cumberlander v. KCL Site Servs., LLC*, No. 08-994, 2009 WL 4927144, at *9 (E.D. Va. Dec. 17, 2009). However, "[t]he exact amounts for interest, costs, and attorney's fees need not be pled specifically in the complaint." *Frank Torrone & Sons, Inc.*, 2005 WL 1432786 at *8. ). In FLSA cases, any employer who violates Section 206 of the FLSA "shall be liable to the . . . employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

In their Complaint, Plaintiffs request damages in the total amount of $16,250.00 for their FLSA and breach of contract claims, exclusive of interest, attorney's fees, liquidated damages, and costs. Compl. ¶¶ 4-5, 52. Upon review of Plaintiffs' affidavits, signed under penalty of perjury, the undersigned finds that Plaintiffs are entitled to $32,360.00, as outlined in the following table.

| Employee | Unpaid Wages | Unpaid Overtime Wages | Liquidated Damages | Compensatory Damages | TOTAL |
|---|---|---|---|---|---|
| Hugo Reynaldo Quezada Canedo | $2,800.00 | $3,200.00 | $6,000.00 | $140.00 | $12,140.00 |
| Maynor Eliseo Xalin Huz | $2,925.00 | $1,125.00 | $4050.00[3] | $0 | $8,100.00 |
| Juan Menacho | $2,460.00 | $3,600.00 | $6,060.00 | $0 | $12,120.00 |
| TOTAL | | | | | $32,360.00 |

B. **Attorney's Fees and Costs**

Under FLSA, in addition to judgment awarded to the plaintiff, the court shall allow reasonable attorney's fees to be paid by the defendant. 29 U.S.C. § 216(b). Plaintiffs request $7,522.50 in attorney's fees and $525.00 in costs, totaling $8,047.50. In support of their request, Plaintiffs submitted the Affidavit of Matthew Sutter, Plaintiffs' counsel. Aff. of Matthew T. Sutter in Support of Attorney's Fees and Costs, ECF No. 18-2. According to the Motion for Default Judgment, Plaintiffs' counsel's rate is $425.00 per hour. Mot. for Default J., ECF No. 18 ¶ 5. An hourly breakdown of the fees and costs associated with this matter are detailed in the Affidavit of Matthew T. Sutter. ECF No. 18-2. Upon review of the Affidavit, the undersigned recommends a finding that the $8,047.50 in attorney's fees and costs is reasonable and should be awarded.

---

[3] Although Plaintiff Maynor Eliseo Xalin Huz listed that he is seeking $2,925.00 in liquidated damages in the Motion for Default Judgment, the Complaint states that he is seeking $4,050.00 in unpaid wages and overtime premiums.

5

### C. Interest

Plaintiffs seek pre-judgment and post-judgment interest. (Compl. ¶ 52; ECF No. 1.) Although FLSA does not explicitly provide for prejudgment interest, the Fourth Circuit recognizes that District Courts have discretion to award prejudgment interest in FLSA cases in the absence of liquidated damages. *See Calderon v. GEICO Gen. Ins. Co.*, 809 F.3d 111, 133 (4th Cir. 2015), *cert. denied*, 137 S. Ct. 53, 196 L. Ed. 2d 30 (2016); *Kennedy v. A Touch of Patience Shared Hous., Inc.*, 779 F. Supp. 2d 516, 527 (E.D. Va. 2011) (denying plaintiff's request for pre-judgment interest because the Court awarded liquidated damages). Because the undersigned recommends awarding liquidated damages, pre-judgment interest would be inappropriate.

Post-judgment interest, however, is due on awards under FLSA in accordance with 28 U.S.C. § 1961. *Thomas v. Cty. of Fairfax, Va.*, 758 F. Supp. 353, 370 (E.D. Va. 1991). Therefore, the undersigned recommends awarding Plaintiffs interest from the date of judgment until the time of payment at the appropriate federal rate.

### III. RECOMMENDATION

The Motion should be granted as to entry of default judgment against Defendant, on Counts I and II of the Complaint. Accordingly, the undersigned Magistrate Judge recommends that an Order be entered awarding Plaintiffs damages in the amount of $32,360.00, which comprises $16,110.00 in FLSA unpaid wages including overtime, $16,110.00 in FLSA liquidated damages, and $140.00 in compensatory damages. The undersigned further recommends awarding Plaintiffs reasonable attorney's fees plus costs in the amount of $8,0475.50 and post-judgment interest in accordance with 28 U.S.C. § 1961.

## IV. NOTICE

By mailing copies of this Report and Recommendation, the Court notifies the parties as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to the following email addresses associated with Defendants:

K Power Construction, Inc.
Kpowerconstruction9@gmail.com

/s/
Ivan D. Davis
United States Magistrate Judge

September 20, 2019
Alexandria, Virginia